[Civ. No. 4367.     Second Appellate District, Division One.—January 2, 1926.]

## L. F. DOLLEY et al., Respondents, v. EDWARD D. RAGON et al., Appellants.

[1] DISTRICT COURT OF APPEAL — JUDGMENTS — NUMBER OF JUDGES NECESSARY TO RENDER—DISQUALIFICATION OF JUDGE.—A judgment rendered by the district court of appeal, which is concurred in by two justices, is the act of a sufficient number of judges, and is a valid judgment of the court, notwithstanding that the third justice, deeming himself disqualified, does not act in the rendition of the opinion and judgment of the court.

[2] ID. — CONSTITUTIONAL LAW — STATUTORY CONSTRUCTION. — The amendment adopted in the year 1918 of section 4 of article VI of the constitution, which reads that "The presence of two justices shall be necessary for the transaction of any business by such court except such as may be done at chambers, and the concurrence of two justices shall be necessary to pronounce a judgment," was intended to enable a district court of appeal to act as a court and transact its business by the concurrent action of two of its judges, notwithstanding the illness or absence or disqualification of the third judge; and the further provision in the constitution (both as originally adopted and as amended), authorizing the court to appoint a justice or judge to act *pro tempore,* in the place of a justice disqualified or unable to act, does not in any way affect the power of the court to transact business through the action of two of its judges.

(1) 15 C. J., p. 965, n. 66.     (2) 15 C. J., p. 965, n. 66.

MOTIONS to set for hearing appeal from a judgment of the Superior Court of Los Angeles County. Charles Monroe, Judge. Motions dismissed.

The facts are stated in the opinion of the court.

Everett S. Ball, Wm. J. Clark and P. V. Davis for Appellants.

G. P. Adams and W. W. Orme for Respondents.

CONREY, P. J.—This case was before the court on appeal from the judgment and was decided in April, 1924. (*Dolley* v. *Ragon,* 66 Cal. App. 707 [228 Pac. 52].) Signal

Hill Oil & Gas Co., a corporation, was one of the appellants in the case. Now come E. D. Higginbotham and W. E. Pettit, claiming to be stockholders in said corporation, and severally present their motions to have the appeal set down for hearing. The theory of the moving parties appears to be that the former proceedings whereby the appeal was heard and determined in this court were void, and that the appeal is still pending. The motions are based upon the fact that Mr. Justice Curtis, deeming himself disqualified, did not act in the rendition of the opinion and judgment of the court. The minutes of the court show that at the call of the calendar on March 24, 1924, the cause was submitted for decision. At that session of the court the three justices thereof were present. On April 24, 1924, the judgment was affirmed, the opinion being written by Mr. Justice Houser and concurred in by the presiding justice. A memorandum was attached thereto, stating that Mr. Justice Curtis, deeming himself disqualified, did not participate in the opinion.

On May 14, 1924, a petition for rehearing in this court was filed by appellants, appearing by Wm. J. Clark and P. V. Davis as their attorneys. By order of May 20, 1924, this petition was denied. The record further shows that by order of June 23, 1924, a petition for rehearing of the cause was denied by the supreme court.

[1] Assuming, without deciding, that these motions are presented by parties entitled to act on behalf of the corporation in presenting such motions, we are of the opinion that the judgment on appeal as rendered was the act of a sufficient number of judges, and was and is a valid judgment of the court. It is true that under the provisions of article VI, section 4, of the constitution of California, as adopted in the year 1904 (Stats. 1905, p. xxxvi), the concurrence of three justices of the court was necessary to the rendition of a judgment. The constitution at that time declared as follows: ''The presence of three justices shall be necessary for the transaction of any business by such court, except such as may be done at chambers, and the concurrence of three justices shall be necessary to pronounce a judgment.'' But by the amendment of that section as adopted in the year 1918 (Stats. 1919, p. xxxiii), there was substituted the following provision: ''The pres-

ence of two justices shall be necessary for the transaction of any business by such court except such as may be done at chambers, and the concurrence of two justices shall be necessary to pronounce a judgment.''

[2] It appears to be absolutely clear that the amendment above quoted was intended to enable a district court of appeal to act as a court and transact its business by the concurrent action of two of its judges, notwithstanding the illness or absence or disqualification of the third judge. The further provision in the constitution (both as originally adopted and as amended), authorizing the court to appoint a justice or judge to act *pro tempore* in the place of a justice disqualified or unable to act, does not in any way affect the power of the court to transact business through the action of two of its judges as above stated.

It thus appearing that the appeal in question has long since passed to final judgment, the court is now without jurisdiction to act upon these motions. For that reason the motions are dismissed.

Houser, J., concurred.